UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FELIPE ALEXANDER CANTOR MEDINA,

Petitioner,

v.

CALIFORNIA CITY CORRECTIONAL CENTER,

Respondent.

No.  1:26-cv-03204-DAD-CKD

ORDER RELATING AND REASSIGNING CASES AND SETTING BRIEFING SCHEDULE FOR MOTION FOR TEMPORARY RESTRAINING ORDER

FELIPE ALEXANDER CANTOR MEDINA,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No.  1:26-cv-03721-KES-HBK

**New Case No.  1:26-cv-03721-DAD-CKD**

An examination of the above-captioned actions reveals that they are related within the meaning of Local Rule 123(a).  Accordingly, assignment of the above-captioned actions to the same district judge and magistrate judge will promote substantial efficiency and economy for the court and is likely to be convenient for the parties.

An order relating cases under this court's Local Rule 123 merely assigns them to the same district judge and magistrate judge—it does not consolidate the cases.  The local rules of this district authorize the judge with the lowest numbered case to order the reassignment of any higher

1

numbered cases to himself or herself, upon determining that this assignment is likely to effect a savings of judicial effort.  L.R. 123(c).  Such good cause appearing here, the court orders that Case No. 1:26-cv-03721-KES-HBK shall be reassigned to the undersigned and Magistrate Judge Carolyn K. Delaney.  The caption on documents filed in the reassigned case shall be shown as: 1:26-cv-03721-DAD-CKD.  It is further ordered that the Clerk of the Court make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Moreover, in light of the pending, fully-briefed motion for temporary restraining order in the more recently filed case (Doc. No. 3),[1] the court finds it appropriate to resolve that motion in this order.

On May 14, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 3.)  On May 15, 2026, the previously-assigned district judge set a briefing schedule as to petitioner's motion for a temporary restraining order. (Doc. No. 5.)   The previously-assigned district judge also conveyed that it intended to rule directly on the merits of the underlying petition and ordered respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cases.  (*Id.*)

On May 18, 2026, respondents filed an opposition to the motion for temporary restraining order.  (Doc. No. 9.)  In that opposition, respondents concede that there are no material legal differences between this case and the cases identified in the court's order.  (*Id.* at 3.)  Respondents argue in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 1–2), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).

Based upon a review of the briefing, the court finds the following facts.  At some point in 2022, petitioner entered the United States without inspection.  (Doc. No. 1 at ¶ 1.)  On January

---

[1]  All docket cites in this order, unless otherwise stated, refer to the docket entries in the case previously numbered 1:26-cv-03721-KES-HBK.

2

29, 2026, petitioner encountered immigration authorities and was detained by those authorities. (*Id.* at ¶ 2.)

The court incorporates and adopts the reasoning set forth in its prior order *Quichimbo-Jimenez v. Warden*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), in which the court concluded that the structure of the Immigration and Nationality Act required a bond hearing for noncitizens who have been detained by immigration authorities and who have: (1) entered the United States without inspection; (2) were not apprehended on arrival; and (3) are not otherwise subject to mandatory detention. Accordingly, the court concludes that petitioner is not lawfully detained pursuant to 8 U.S.C. § 1225.

Respondents argue only that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225, an argument which the court has rejected above. In their opposition, respondents do not identify any alternative statute under which petitioner may be legally detained. The court therefore finds that petitioner has met his burden to show that his detention pursuant to 8 U.S.C. § 1225 is unlawful and that respondents have not demonstrated that his continued detention is authorized by statute. Accordingly, the court incorporates its reasoning in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy is petitioner's immediate release from custody because respondents has failed to identify authority for petitioner's detention.

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

a.    Respondents are ORDERED to immediately release petitioner Felipe Alexander Cantor Medina, A-File No. 241-102-027, from respondents' custody on the conditions, if any, he was subject to prior to his detention on January 29, 2026;

b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing

3

petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2. Petitioner's motion for temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot by this order granting the petition for habeas relief on the merits;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center;

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner in the case formerly identified as No. 1:26-cv-03721-KES-HBK and now identified as 1:26-cv-03721-DAD-CKD, and to close that case;

5. In light of the court granting petitioner's habeas petition in the related case, the court DISMISSES petitioner's petition for writ of habeas corpus in the case identified as No. 1:26-cv-03204-DAD-CKD as having been rendered moot; and

6. The Clerk of the Court is also directed to close the case identified as No. 1:26-cv-03204-DAD-CKD.

IT IS SO ORDERED.

Dated:   **May 25, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4